IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHELLEY NEWTON,                           )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        CASE NO. 1:26-CV-326-WKW
                                          )                [WO]
DONALD VALENZA and                        )
COMMANDER MOORE,                          )
                                          )
                Defendants.               )

## **ORDER**

On April 30, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by thirty-two inmates detained at the Houston County Jail, including Plaintiff Shelley Newton, was received and docketed. *See McDaniel v. Valenza*, 1:26-cv-306-RAH-JTA (M.D. Ala. filed Apr. 30, 2026), Doc. # 1. On May 4, 2026, an Order was issued, directing that separate civil actions be opened for thirty-one of the thirty-two plaintiffs. *Id.*, Doc. # 2 ("May 4 Order"). In accordance with the May 4 Order, this action was opened. (*See* Docs. # 1, 2.)

At the time this action was opened, Plaintiff had not paid the $405.00 filing and administrative fees or filed an application for leave to proceed *in forma pauperis* (IFP). On May 4, 2026, the court issued a Notice of Deficiency directing Plaintiff to either pay the requisite filing fees or submit an IFP application by May 18, 2026. (Doc. # 3.) In compliance with the Notice of Deficiency issued on May 4, Plaintiff

filed an IFP application (Doc. # 4) and a prisoner trust fund account statement (Doc. # 5). However, Plaintiff failed to sign (or otherwise complete) the IFP application. (*See* Doc. # 4 at 2.) Accordingly, a second Notice of Deficiency was sent to Plaintiff on May 19, 2026, instructing Plaintiff to sign the IFP application by June 1, 2026. (Doc. # 6.) The June 1 deadline has passed, and Plaintiff has not returned a signed IFP application to the court. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a

2

finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the Notice of Deficiency issued on May 19, 2026, and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 9th day of June, 2026.

/s/ W. Keith Watkins

UNITED STATES DISTRICT JUDGE
